ANDREW J. ROSSETTI    NJ ATTORNEY ID – 015791989

Andrew J. Rossetti, Esquire
ROSSETTI & DEVOTO
20 BRACE ROAD, SUITE 115
CHERRY HILL, NJ 08034
(856) 354-0900
ATTORNEYS FOR PLAINTIFFS

|  |  | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY CAMDEN VICINAGE CIVIL No. |
|---|---|---|
| LINDSAY ROELLER | : | |
| Plaintiff, | : | |
| MICHAEL BARRY | : | |
| Plaintiff, | : | |
| v. | : | |
| UNITED STATES OF AMERICA | : | |
| Defendant. | : | **COMPLAINT AND TRIAL DEMAND, REQUESTS FOR ANSWERS TO INTERROGATORIES, DOCUMENT REQUESTS AND COPIES OF ALL SUBPOENAED DOCUMENTS** |

Lindsay Roeller, residing at 34 Catalina Avenue, Barnegat, Ocean County, New Jersey,

and Michael Barry, residing at 630 Nugentown Road, Little Egg Harbor Township, Ocean

County, New Jersey, say:

## PARTIES

Plaintiff, Lindsay Roeller, was born on January 31, 1989 and is an individual and citizen of the State of New Jersey residing at 34 Catalina Avenue, Barnegat, Ocean County, New Jersey.

Plaintiff, Michael Barry, was born on August 20, 1988 and is an individual and citizen of the State of New Jersey residing at 630 Nugentown Road, Little Egg Harbor Township, Ocean County, New Jersey.

The Defendant, United States of America, employs Benzene V. Garas, PS1 and owns, operates, controls and maintains the Navy vehicle driven by Mr. Garas on December 19, 2012.

## JURISDICTION

This court has jurisdiction over plaintiffs' claims against defendant United States of America under the Federal Tort Claims Act, 28 U.S.C. Sections 1346(b)(1) and 2671, et seq.

Venue is proper in this court pursuant to 28 U.S.C. Section 1391(b) because the accident location is Burlington County, New Jersey, which is located in the Camden Vicinage of the New Jersey Federal district courts.  Defendant is therefore subject to suit in this vicinage.

Consolidation of the plaintiffs' lawsuits is proper under Fed. R. Civ. P. 42 as the matters involve a common question of law or fact.

## EXHAUSTION OF FEDERAL AGENCY REMEDY

This matter arises out of a motor vehicle crash that occurred on December 19, 2012 in Burlington County when United States employee Benzene V. Garas, PS1 was driving a Navy vehicle which was owned, operated, controlled and maintained by the United States of America.

On April 8, 2014 a completed Claim for Damage, Injury or Death form was filed, pursuant to 28 U.S.C. Section 2675(a) of the Federal Tort Claims Act, with regard to Lindsay

Roeller in the amount of $1,000,000.00 against the United States of America, through the Department of the Navy, Office of Judge Advocate General, Tort Claims Unit Norfolk.

On April 8, 2014 a completed Claim for Damage, Injury or Death form was filed, pursuant to 28 U.S.C. Section 2675(a) of the Federal Tort Claims Act, with regard to Michael Barry in the amount of $1,000,000.00 against the United States of America, through the Department of the Navy, Office of Judge Advocate General, Tort Claims Unit Norfolk.

The Department of the Navy, Office of Judge Advocate General, Tort Claims Unit Norfolk on behalf of the United States of America acknowledged receipt of the properly filed Claim Forms on June 12, 2014. Such claims were filed in a timely manner within two years of the date of the negligence of the Defendant.

The six-month waiting period ran on December 12, 2014. This action has been filed in a timely manner and within six months from the date of the rejection of the claim pursuant to 28 U.S.C. Section 2401(b).

## COUNT ONE

**Lindsay Roeller**
**v.**
**United States of America**

### NEGLIGENCE

1.     This court has jurisdiction over plaintiff's claim against defendant United States of America under the Federal Tort Claims Act, 28 U.S.C. Sections 1346(b)(1) and 2671, et seq.

2.     Venue is proper in this court pursuant to 28 U.S.C. Section 1391(b) because the acts or omissions giving rise to the claim occurred in Burlington Township, New Jersey, which is located in the Camden Vicinage of the Federal District Court.

3.      On December 19, 2012, Lindsay Roeller took her United States Navy placement exam at Joint Base McGuire-Fort Dix-Lakehurst; after completing her exam she was to be transported to her personal vehicle by United States Navy recruiter Benzene V. Garas, PS1.

4.      On December 19, 2012, Lindsay Roeller was a passenger in a United States Navy vehicle driven by Benzene V. Garas, PS1 which was traveling Southbound on Lakehurst Road approaching the Route 70 intersection in Pemberton Township, Burlington County, New Jersey.

5.      At the same time and place, a vehicle driven by Chad H. Cutts was traveling Westbound on Route 70.

6.      Traffic traveling on Route 70 had the right-of-way, meanwhile, the traffic on Lakehurst Road was controlled by a stop sign prior to entry onto Route 70.

7.      While approaching the Route 70 intersection, Benzene V. Garas, PS1 was inattentive and disregarded the stop sign and immediately attempted to proceed Eastbound on Route 70, crossing directly into the travel path of the vehicle driven by Chad H. Cutts, causing a severe collision.

8.      At all times relevant to this action, the vehicle in which Lindsay Roeller was a passenger was owned, occupied, maintained and/or controlled by defendant United States of America.

9.      Benzene V. Garas, PS1 was acting in the course of and within the scope of an agency or employment relationship with defendant United States of America at the time of the crash.

10.     Lindsay Roeller's injuries were caused by the negligent actions and/or inactions of Benzene V. Garas, PS1, a federal employee acting within the course and scope of his federal employment with the United States of America.

11.   As a proximate result of defendant's negligence, plaintiff suffered permanent physical and emotional injuries including but not limited to a severe, burst fracture of L5 vertebral body with lumbar disc displacement which required an extensive decompression and fusion surgery of L4 to S1, orthopedic hardware, disfigurement, 25% loss of vertebral height, radiculopathy, numbness and posttraumatic anxiety.

12.   As a proximate result of defendant's negligence, plaintiff has sustained permanent injuries which have and will continue to cause pain and suffering, disability and impairment, loss of enjoyment of life, loss of function, significant and permanent scarring, past and future lost wages and past and future medical bills, despite the passage of time and despite additional medical treatment.

**WHEREFORE**, the plaintiff, Lindsey Roeller, demands judgment against the defendant, United States of America, for $1,000,000.00 and all other damages allowable by law including, but not limited to, compensatory damages and post-judgment interest.

## COUNT TWO

**Michael Barry**

**v.**

**United States of America**

### NEGLIGENCE

1.      This court has jurisdiction over plaintiff's claim against defendant United States of America under the Federal Tort Claims Act, 28 U.S.C. Sections 1346(b)(1) and 2671, et seq.

2.      Venue is proper in this court pursuant to 28 U.S.C. Section 1391(b) because the acts or omissions giving rise to the claim occurred in Burlington Township, New Jersey, which is located in the Camden Vicinage of the Federal District Court.

3.      On December 19, 2012, Michael Barry took his United States Navy placement exam at Joint Base McGuire-Fort Dix-Lakehurst; after completing his exam he was to be transported to his personal vehicle by United States Navy recruiter Benzene V. Garas, PS1.

4.      On December 19, 2012, Michael Barry was a passenger in a United States Navy vehicle driven by Benzene V. Garas, PS1 which was traveling Southbound on Lakehurst Road approaching the Route 70 intersection in Pemberton Township, Burlington Township, New Jersey.

5.      At the same time and place, a vehicle driven by Chad H. Cutts was traveling Westbound on Route 70.

6.      Traffic traveling on Route 70 had the right-of-way, meanwhile, the traffic on Lakehurst Road was controlled by a stop sign prior to entry onto Route 70.

7.      While approaching the Route 70 intersection, Benzene V. Garas, PS1 was inattentive and disregarded the stop sign and immediately attempted to proceed Eastbound on

Route 70, crossing directly into the travel path of the vehicle driven by Chad H. Cutts, causing a severe collision.

8.      At all times relevant to this action, the vehicle in which Michael Barry was a passenger was owned, occupied, maintained and/or controlled by defendant United States of America.

9.      Benzene V. Garas, PS1 was acting in the course of and within the scope of an agency or employment relationship with defendant United States of America at the time of the crash.

10.     Michael Barry's injuries were caused by the negligent actions and/or inactions of Benzene V. Garas, PS1, a federal employee acting within the course and scope of his federal employment with the United States of America.

11.     As a proximate result of defendant's negligence, plaintiff suffered permanent physical and emotional injuries including but not limited to central disc herniations effacing the ventral thecal sac at C5-6 and C6-7, L2-3 disc herniation, cervical and lumbar radiculopathy, displaced comminuted fracture of the left lateral 11th rib, AAST Grade 2 spleen laceration with hemorrhaging, blurry vision and migraine headaches.

12.     As a proximate result of defendant's negligence, plaintiff has sustained permanent injuries which have and will continue to cause pain and suffering, disability and impairment, loss of enjoyment of life, loss of function, past and future lost wages and past and future medical bills, despite the passage of time and despite additional medical treatment.

**WHEREFORE,** the plaintiff, Michael Barry, demands judgment against the defendant, United States of America, for $1,000,000.00 and all other damages allowable by law including, but not limited to, compensatory damages and post-judgment interest.

# DISCOVERY DEMANDS

## DEFINITIONS

**PLEASE TAKE FURTHER NOTICE** that the following definitions shall apply throughout discovery including Rule 26 Disclosures, Rule 34 Request for Production of Documents and Rule 33 Interrogatories:

As used herein:

A.      "Address" means the present or last known street name and number, city or town, state and zip code.

B.      "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any physical, electronic or digital writing or recording of any type or description including, but not limited to, the original and any copy, of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, inter-office or intra-office communications, e-mails, handwritten or other notes, working paper, chart, paper, graph, index, tape, disc, DVD, CD, video, photograph, datasheet or data processing card, or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced, to which defendants have or have had access.

C.      "Identify", "identity", or "identification" means, when used in reference to:

    1.)     A natural person, his or her:

        (a)     full name;
        (b)     home address;
        (c)     business address;
        (d)     present or last known position, business affiliation, and job description.

    2.)     A company, corporation, association, partnership, or any legal entity other than a natural person:

        (a)     its full name;
        (b)     a description of the type of organization or entity;
        (c)     the address of its principal place of business;
        (d)     the jurisdiction of its incorporation or organization; and
        (e)     the date of its incorporation or organization.

    3.)     A document:

(a)    its description (for example, letter, memorandum, report, etc.);

(b)    its title;

(c)    its date;

(d)    the number of pages thereof;

(e)    the subject matter;

(f)    the identity of its author, signer, and any person who participated in its preparation;

(g)    the identity of its addressee or recipient;

(h)    the identity of each person to whom copies were sent and each person by whom copies were received;

(i)    its present location; and

(j)    the identity of its custodian. (If any such document was, but is no longer, in the possession of or subject to the control of defendants, state what disposition was made of it and when.)

D.    The term "defendant," "the defendant," "you," or "your" as used herein shall mean the United States of America and any person or entity to whom these interrogatories are directed and/or its agents, servants, employees, or representatives.

E.    The terms "occurrence" or "incident" or "accident" used herein shall mean the acts, omissions or other circumstances that took place on December 19, 2012 at the intersection of Lakehurst Road and Route 70 in Pemberton Township, Burlington Township, New Jersey and which form the allegations against you in the Complaint.

## RULE 26 DISCLOSURE DEMAND

Plaintiffs hereby demand that each defendant supply Rule 26 disclosures within the time proscribed by the Federal Rules of Civil Procedure.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of The Federal Rules of Civil Procedure, plaintiffs require the defendant to respond within thirty (30) days to the following requests:

That the defendant hereinbefore named shall produce to Rossetti & DeVoto, P.C., 20 Brace Road, Suite 115, Cherry Hill, New Jersey 08034, on April 15, 2015 at 10:00 AM originals or exact duplicates of any and all "documents" and tangible things (as defined, without limitation, in Rule 34), that are in their respective possession, custody, or control, and which in

whole or in part constitute or relate to any of the allegations, subjects, and matters set forth in the

Complaint and/or Answer and Separate Defenses filed in this action; and specifically including

each of the following:

1. The originals, clear copies or the negatives of any photographs, films, or videotape of anything relating to this matter including but not limited to the area involved in this accident or occurrence, or of any of the parties; or of any other matter or things involved in this accident or occurrence or relevant to the claims or defenses asserted.

2. The original or a legible copy of any and all statements, reports or memoranda setting forth factual information disclosed in any and all investigations, inspections, tests or surveys regarding the claims or defenses involved in this action; excepting impression or opinions of counsel.

3. Each and every policy of insurance under which any insurance company or indemnitor may be liable to the party upon whom this demand is served for payment of all or part of the amounts of a judgment or award entered in this matter against that party or against any person for whose acts that party is alleged to be responsible.

4. As to each policy requested in the preceding paragraph, the Declaration Sheet pertaining to this accident or occurrence.

5. Any statements which may have been given to anyone by the party upon whose behalf this demand is served.

6. All written, stenographic, video, voice or other recording of statements, or transcripts from persons claiming to be eyewitnesses or claiming to have been at or near the scene of the accident or occurrence immediately prior or immediately subsequent thereto or claiming to have knowledge of any fact or matter pertaining to the nature or extent of plaintiffs' damages or losses or from of any of the parties to this action; including but not limited to all statements given by any party to this action or by any employee.

7. The original or a legible copy of any written accident report concerning this accident or occurrence signed by or prepared by any party to this action.

8. All diagrams, pictures, or sketches of the scene and/or manner in which this accident occurred.

9. Any and all reports and records from any and all government agency or police department pertaining to the accident or occurrence in question.

10.    Reports of each and every expert witness who is proposed to testify at trial on behalf of the party upon whom this demand is served.

11.    The complete C.V. of each expert who is proposed to testify at trial on behalf of the party upon whom this demand is served.

12.    Provide all minutes, correspondence and agendas from any military meeting regarding the subject motor vehicle incident which occurred on December 19, 2012.

13.    Provide all documents regarding any prior motor vehicle accidents involving Benzene V. Garas, PS1.

14.    Provide all documents regarding the military employment of Benzene V. Garas, PS1.

15.    Provide the entire personnel file for Benzene V. Garas, PS1.

16.    The complete cellular phone records of Benzene V. Garas for any phone or similar personal digital assistant device from the day of the accident, including but not limited to records showing all calls received, dialed or otherwise transmitted, all text messages received, sent and composed, all electronic messages received, sent and composed, and all Internet use.

17.    Provide a complete copy of the military policies and procedures for operating military vehicles.

18.    The entire military file for Plaintiff, Lindsay Roeller.

19.    Any and all reports, performance reports, test results, or any documentation regarding Plaintiff Lindsay Roeller's placement process.

20.    The entire military file for Plaintiff, Michael Barry.

21.    Any and all reports, performance reports, test results, or any documentation regarding Plaintiff Michael Barry's placement process.

These requests for production of documents are continuing.

## INTERROGATORIES

Pursuant to Rule 33 of The Federal Rules of Civil Procedure, plaintiffs require the defendant to respond within thirty (30) days to the following 14 interrogatories:

**PLEASE TAKE FURTHER NOTICE** that the party to which these interrogatories are addressed shall furnish all information available to that party, his agents, employees, and attorneys in response to all questions.  The person answering these interrogatories shall designate if any information contained in the answers is not within his or her personal knowledge and as to that information shall state the name and address of each person from whom it was received, or, if the source of the information is documentary, a full description including identification of the document.

1.      Was any written report of the accident or any circumstances relating to the accident made by the defendant or any servant, agent or employee of the defendant and if so, set forth the substance of the report and attach a copy hereto.

2.      Did the police or any governmental or military authority make a report of the accident and, if so, set forth the substance of the report and attach a copy hereto.

3.      Does the defendant have possession of any photographs, motion pictures, videotapes or surveillance reports of the plaintiff and, if so, identify the contents of each and attach a copy hereto.

4.      Was Benzene V. Garas injured in the crash?  If so, list all injuries.

5.      Did Benzene V. Garas treat with any medical providers or go to any hospitals after the crash?

6.      Does the defendant or anyone on the defendants behalf have knowledge of any other injuries, illnesses or medical conditions sustained by the plaintiff, either prior to or subsequent to the date of this accident and, if so, set forth the nature of each and attach a copy of all medical records or other written documents relating thereto that are in the possession of the defendant.

7.      Does the defendant or anyone on the defendant's behalf have possession of any medical records, reports, radiographs or diagnostic tests of any nature concerning the injuries sustained by the plaintiff in this accident and, if so, attach a copy of each document that is in the possession of the defendant.

8.      If you contend or intend to contend at the time of trial that the plaintiff sustained personal injuries in any prior or subsequent accident, state:  (a) the date of said accident; (b) the injuries you contend that plaintiff sustained; (c) the parties involved in said accident; (d) the source from which you obtained the information; and (e) attach a copy of any written documents regarding this information.

9.     If you, or any of your expert witnesses, are relying on or will rely on any authoritative article, magazine, publication or treatise of any kind for any purpose, including cross and direct examination of any witnesses, set forth the name, title, volume, publisher, page and year of publication, and, if possible, attach copy of same.

10.     Prior to the date of the accident, was Benzene V. Garas involved in any motor vehicle accidents while operating a military vehicle and, if so, state the (1) Date of each occurrence; (2) Summary of what happened; (3) Violations and/or tickets received; and (4) Governmental and/or military disciplinary actions taken as a result.

11.     Do you claim that the vehicle driven by Benzene V. Garas malfunctioned in any way or did not perform as expect? If so, state the name, address and job title of each person responsible for maintaining the military vehicle that Benzene V. Garas was operating on December 19, 2012?

12.     If you claim that the plaintiff made any statements or admissions as to the subject matter of this lawsuit, state: (a) the date made; (b) the name of the person by whom made; (c) the name and address of the person to whom made; (d) where made; (e) the name and address of each person present at the time the admission was made; (f) the contents of each admission; and (g) if in writing, attach a copy.

13.     If you contend that the plaintiff's damages were caused or contributed to by the negligence of any other person, set forth the name and address of the other person and the facts upon which you will rely in establishing that negligence.

14.     State the names and addresses of all persons who have knowledge of any relevant facts relating to the case and identify all documents that may relate to this action, and attach copies of each such document.


## STATEMENT OF DAMAGES

The nature of plaintiff, Lindsay Roeller's physical and emotional damages are permanent, severe and disabling. Plaintiff Lindsay Roeller's demand to resolve her portion of the lawsuit is $1,000,000.00.

The nature of plaintiff, Michael Barry's physical and emotional damages are permanent, severe and disabling. Plaintiff Michael Barry's demand to resolve his portion of the lawsuit is $1,000,000.00.

## DEMAND FOR COPIES OF ALL SUBPOENAED DOCUMENTS
## (E-DOCUMENTS PREFERRED)

Plaintiffs hereby demand that copies of all subpoenaed documents by each defendant be produced to plaintiffs without further notification within 10 days of receipt. The documents may be supplied electronically by sending them to arossetti@rossettidevoto.com. This is a continuing demand.

## DESIGNATION OF TRIAL ATTORNEY

**PLEASE TAKE NOTICE** that pursuant to the provisions of the Rules Governing the Federal Rules of Civil Procedure for the District of New Jersey, Andrew J. Rossetti, Esquire, is hereby designated as the attorney who will try this case on behalf of plaintiffs Lindsay Roeller and Michael Barry.

## DEMAND FOR TRIAL

**PLEASE TAKE NOTICE** that plaintiffs demand a trial as to all issues pursuant to the Federal Rules of Civil Procedure and Federal Tort Claims Act.

**ROSSETTI & DEVOTO, P.C.**
Attorneys for Plaintiffs

Andrew J. Rossetti

Dated:  December 18, 2014